978 F.2d 1263
 62 Fair Empl.Prac.Cas. (BNA) 768
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
George DOBERSTEIN, Appellant,
v.
INTERNAL REVENUE SERVICE, ST. PAUL DISTRICT, Appellee.
 No. 92-2214.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 28, 1992.
Filed: October 30, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Doberstein appeals from the District Court's[1] dismissal of his action against the Internal Revenue Service (IRS). We affirm.
 
 
 2
 In July 1988 Doberstein, formerly a general engineer at the IRS, appealed the agency's decision to terminate his employment to the Merit Systems Protection Board (MSPB), claiming that his discharge was based on age and religious discrimination. Before the MSPB hearing, Doberstein and the IRS entered into a settlement agreement. In November 1988, the MSPB made the settlement agreement part of its record and issued a decision accepting the agreement. The MSPB notified Doberstein that he had thirty days to seek judicial review. Doberstein did not seek further review.
 
 
 3
 In August 1991 Doberstein filed this complaint, attacking the settlement as "grossly inequitable" and asking that it be set aside. Doberstein contended that, because he had not been assisted by counsel, he had agreed to settle for too little. The IRS moved to dismiss the action as untimely. Based upon a document attached to the motion to dismiss, Doberstein claimed for the first time that the agency had breached the settlement agreement. The District Court granted the IRS's motion to dismiss for failure to state a claim, concluding that Doberstein's complaint was untimely, and that he failed to establish a basis for equitable tolling. The Court also determined that the IRS did not breach the settlement agreement.
 
 
 4
 Doberstein now argues only that the Court erred by ruling against him on the issue of breach. Because the complaint never was amended to include Doberstein's claim that the IRS breached the settlement agreement, the issue of breach was not properly before the Court for resolution on the merits. In addition, we note that Doberstein has an adequate administrative remedy for any breach by the IRS; the MSPB's decision provides that if the agency does not comply with the terms of the agreement, Doberstein may enforce the agreement by filing a motion with the Board. Our decision is without prejudice to Doberstein's right to petition the MSPB for enforcement of the agreement as provided in the MSPB's decision.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota